IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03018-CNS-MEH

DAVID HOFFSCHNEIDER,

      Plaintiff,

v.

JILL MARSHALL, Chief of the Colorado Mental Health Institute at Pueblo, individually in her official capacity,
DOCTOR SOYEUN CHU, in her official and individual capacity,
DOCTOR LENNARD ABLE, in his official and individual capacity,
DOCTOR DAVID HINCKLE, in his official and individual capacity,
DOCTOR TERESA WILLIAMS, in her official and individual capacity,
DOCTOR RICHARD POUNDS, in his official and individual capacity,
DOCTOR JULIE MEEKER, in her official and individual capacity,
DOCTOR VICTORIA TRAPP, in her official and individual capacity,
AARON WILLIAMS, in his official and individual capacity,
JADE BULLARD, in her official and individual capacity,
CARA SILLA, in her official and individual capacity,
JEFF WITT, in his official and individual capacity,
REBECCA HEARST, in her official and individual capacity,
TED SMITH, in his official and individual capacity,
ANNABELLE FLOREZ, in her official and individual capacity,
JULIE REYES, in her official and individual capacity,
JULIE GRAVES, in her official and individual capacity,
TIFFANY LUNA, in her official and individual capacity,
JAMES HULL, in his official and individual capacity, and
RICK MCMORAN, in his official and individual capacity,

      Defendants.

---

## ORDER

---

Before the Court is Defendants' Joint Objection (ECF No. 78) to the Magistrate Judge's Order terminating their Motions to Dismiss and granting Plaintiff David Hoffschneider's Motion for Leave to File Fourth Amended Complaint (ECF No. 71). For the reasons set forth below, the Defendants' Objection is SUSTAINED in part. The Magistrate Judge's Order granting Mr. Hoffschneider's Motion for Leave to File Fourth Amended Complaint is AFFIRMED in part and REVERSED in part.

## I. Background

Mr. Hoffschneider initiated this action in October 2020 and filed a First Amended Complaint in December 2020 (ECF Nos. 1, 20). Defendants moved to dismiss the First Amended Complaint (ECF Nos. 24, 25). Mr. Hoffschneider then moved to file several amended complaints (*See, e.g.*, ECF No. 49). In July 2021, Mr. Hoffschneider filed his Motion for Leave to File Fourth Amended Complaint (ECF No. 54).

The Magistrate Judge held a hearing in August 2021 regarding Mr. Hoffschneider's Motions and Defendants' Motions to Dismiss (ECF No. 64). At the hearing, the Magistrate Judge concluded Mr. Hoffschneider's previous motions for leave to file amended complaints were moot and denied them without prejudice (*Id.*). Defendants confirmed that their motions to dismiss pertained to Mr. Hoffschneider's Motion for Leave to File Fourth Amended Complaint (*Id.*).

The Magistrate Judge issued his Order on Mr. Hoffschneider's Motion for Leave to File Fourth Amended Complaint in September 2021 (ECF No. 71). Because the Magistrate Judge granted Mr. Hoffschneider's Motion For Leave to File Fourth Amended Complaint, he then terminated Defendants' Motions to Dismiss (*Id.*). Defendants timely filed their Objection to the

Magistrate Judge's Order in October 2021 (ECF No. 78), and Mr. Hoffschneider timely responded to Defendants' Objection (ECF No. 80).

## II. Standard of Review

A motion to amend is a non-dispositive motion. A magistrate judge's order on such a motion will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the magistrate judge's order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III. Analysis

The Court has reviewed the Fourth Amended Complaint; the parties' briefs regarding Defendants' Objection, Mr. Hoffschneider's Motion for Leave to File Fourth Amended Complaint, and Defendants' Motions to Dismiss; the Magistrate Judge's Order; and relevant legal authority.[1] The Court addresses the arguments in Defendants' Objection in turn, sustaining their Objection in part.

### A.  Procedural Posture

In his Order, the Magistrate Judge granted Mr. Hoffschneider's Motion for Leave to File Fourth Amended Complaint (ECF No. 71 at 31). The Magistrate Judge then terminated Defendants' Motion to Dismiss as pending motions because he determined granting leave to amend rendered them moot (*Id.*). For purposes of its review of the Magistrate Judge's Order, the

---

[1] The facts alleged in Mr. Hoffschneider's Fourth Amended Complaint are well-summarized in the Magistrate Judge's Order (ECF No. 71 at 2-11). The Court incorporates the Magistrate Judge's summary of the Fourth Amended Complaint's allegations into its analysis.

Court concludes Defendants' Motions to Dismiss are pending motions that have not been terminated by the Magistrate Judge's Order.

### B.  Clearly Established Law and Mr. Hoffschneider's First Three § 1983 Claims

Defendants contend the Magistrate Judge erred in concluding Mr. Hoffschneider pleaded plausible § 1983 claims related to the duration of his commitment at the Colorado Mental Health Institute at Pueblo ("CMHI-P"), which allegedly deprived him of due process. The Magistrate Judge erred, Defendants argue, because they are entitled to qualified immunity on Mr. Hoffschneider's first three § 1983 claims (ECF No. 78 at 6, 13). The Court agrees.

When a defendant asserts qualified immunity, the plaintiff must show the defendant (1) violated a statutory or constitutional right and (2) the right was "clearly established" at the time of the defendant's challenged conduct. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quotation omitted). The Court may address either prong first. *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013). For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision "on point," or the "weight of authority from other courts must have found the law to be as the plaintiff maintains." *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018) (quotation omitted). Clearly established law should be "particularized to the facts" of a plaintiff's case, *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1268 (10th Cir. 2022) (quotation omitted), and existing precedent must place the constitutional issue "beyond debate," *Mullenix v. Luna*, 577 U.S. 7, 16 (2015) (quotation omitted).

The Court first addresses Defendants' arguments regarding the "clearly established" prong. Defendants argue the Magistrate Judge erred by relying on an unpublished case, *Neiberger v. Hawkins*, 6 F. App'x 683, 687 (10th Cir. 2001), in concluding Mr. Hoffschneider

4

met the requirement of showing his alleged due process right regarding the duration of his commitment was clearly established (ECF No. 78 at 8). In *Neiberger*, one plaintiff committed at CMHI-P "assert[ed] misdiagnosis . . . due to personal conflicts with one named doctor, that he remain[ed] in the maximum security unit despite findings by another named doctor, [and] that he ha[d] no behavior conflicts or evidence of any form of mental illness." 6 F. App'x at 687. In determining whether plaintiffs satisfied the "clearly established" prong, the *Neiberger* court concluded a reasonable health care administrator "should know that committed individuals enjoy a constitutionally protected interest in conditions of reasonable care and safety." *Id.* According to the Magistrate Judge, the substantive due process right in *Neiberger* clearly established a violation of the substance due process violation right in this case regarding Mr. Hoffschneider's prolonged duration of confinement (ECF No. 71 at 22).

The Magistrate Judge erred in concluding *Neiberger* was "on point" precedent to establish a clearly established right. Although some allegations in *Neiberger* concerned "personal conflicts" between one plaintiff and a doctor, as well as the plaintiff's allegedly misdiagnosed mental illness, *Nieberger* primarily dealt with the "conditions and treatment" the plaintiffs received at CMHI-P. 6 F. App'x at 686-87. In sum, *Neiberger* is not "particularized to the facts" of Mr. Hoffschneider's case, which is about the *duration* of his confinement. *See Estate of Beauford*, 35 F.4th at 1268 (quotations omitted). Moreover, *Neiberger* is unpublished. Although the Court may consider unpublished cases in deciding whether law is clearly established, *see Morris v. Noe*, 672 F.3d 1185, 1197 n.5 (10th Cir. 2012), even if the facts in *Neiberger* were closer to Mr. Hoffschneider's case, *Neiberger* "provides little support for the notion that the law is clearly established[,]" *Mecham v. Frazier*, 500 F.3d 1200, 1206 (10th Cir. 2007). At bottom,

*Neiberger* is not factually analogous to Mr. Hoffschneider's case, and therefore it does not demonstrate the law is clearly established. *See Becker v. Bateman*, 709 F.3d 1019, 1024 (10th Cir. 2013) (concluding an unpublished case failed to demonstrate the law was clearly established when the case "[was] not factually analogous" to the plaintiff's case).

Having concluded that law regarding Mr. Hoffschneider's alleged substantive due process violation on which Mr. Hoffschneider's first three § 1983 claims are based was not clearly established at the time of Defendants' alleged unlawful conduct, the Court need not address Defendants' arguments about prong one of the qualified immunity analysis. *See Panagoulakos*, 741 F.3d at 1129. The Magistrate Judge clearly erred in concluding that granting leave to amend on those claims would not be futile (ECF No. 71 at 25-27, 29), and Defendants' Motions to Dismiss are granted as to Mr. Hoffschneider's first three § 1983 claims.

### C.  Mr. Hoffschneider's Fifth Claim for Relief Under § 1983

In his fifth claim for relief, Mr. Hoffschneider alleges Defendants Marshall and Pounds violated his due process rights and § 1983 by "intentionally not conducting a release evaluation properly" in connection to Mr. Hoffschneider's release from CMHI-P (ECF No. 54-1 at 49). Defendants argue the Magistrate Judge erred in granting Mr. Hoffschneider leave to amend his fifth count for relief because Mr. Hoffschneider's claim is contradicted by a transcript of the July 8, 2021 state court hearing (ECF No. 78 at 15). The Court disagrees.

Defendants base their argument on the fact that, at the state court hearing, the state court judge accepted Dr. Fox's audit as a release examination (ECF Nos. 78 at 15, 67 at 13).[2]

---

[2] The Court may consider the July 8, 2021 hearing transcript in its analysis. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1203 n.1 (10th Cir. 2022) (holding courts may discuss public hearing transcripts at the motion to the dismiss stage where the content of hearing transcript is central to a plaintiff's claims).

However, Mr. Hoffschneider alleges Defendants Marshall and Pounds violated his rights by conducting the release examination improperly. Defendants Marshall and Pounds' failure to properly conduct the release exam resulted in Mr. Hoffschneider allegedly being committed at CMHI-P for two weeks longer than necessary and depriving him of the opportunity to argue against his release conditions until January 2022 (ECF No. 54-1 at 49-51). The July 8, 2021 hearing transcript does not contradict the complaint's allegations, *see GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1385 (10th Cir. 1997), that Defendants Marshall and Pounds conducted the release evaluation improperly, which resulted in Mr. Hoffschneider's continued commitment. Therefore, the Magistrate Judge did not clearly err in granting Mr. Hoffschneider leave to amend his fifth claim for relief. Defendants' Objection is denied as to Mr. Hoffschneider's fifth claim for relief under § 1983.

### D.  Mr. Hoffschneider's Claim for Extreme and Outrageous Conduct

In his fourth claim for relief, Mr. Hoffschneider alleges Defendants engaged in extreme and outrageous conduct. Defendants contend the Magistrate Judge erred in concluding there were no grounds to dismiss this claim for relief (ECF No. 71 at 29). The Court disagrees.

As the Magistrate Judge noted, Defendants are governmental entities and employees. Therefore, to bring his fourth claim for relief Mr. Hoffschneider was required to comply with the Colorado Governmental Immunity Act's ("CGIA's") notice of claim requirement. Under this requirement, a plaintiff must file a notice of claim with a public entity or the Attorney General's office and cannot bring their claim until (1) they learn the public entity or the Attorney General's office has denied the claim or (2) until 90 days has passed after the plaintiff filed their notice of

claim. *See* C.R.S. § 24-10-109(6). According to Defendants, Mr. Hoffschneider did not comply

with this requirement before bringing his extreme and outrageous claim (ECF No. 78 at 16).

The Court disagrees with Defendants that the timing of Mr. Hoffschneider's complaint is

fatal to his extreme and outrageous claim. The purposes of the CGIA's notice requirement can

"still be realized  . . . by holding the case in abeyance for a ninety-day period after filing of [the]

complaint . . . ." *Dicke v. Mabin*, 101 P.3d 1126, 1131 (Colo. App. 2004) (citation omitted). And

that, practically, is what has happened in this case: Defendant's Objection has been pending for

nearly a year, and Defendants' argument that Mr. Hoffschneider failed to wait 90 days to file his

claim is now moot. Nonetheless, Mr. Hoffschneider is required to plead in his Fourth Amended

Complaint compliance with CGIA's notice of claim requirement. *See Williams v. Carbajol*, No.

20-CV-02119-NYW, 2021 WL 5579114, at *8 (D. Colo. Nov. 30, 2021) (dismissing complaint

without prejudice where it did not "sufficiently allege compliance" with the GIA's notice

requirement). Although he did not plead compliance with CGIA's notice requirement, a court

may "dismiss[] the case without prejudice and permit[] the claimant[] to refile once the necessary

period has expired." *Dicke*, 101 P.3d at 1131 (citation omitted).

The Magistrate Judge relied on facts in Mr. Hoffschneider's reply (ECF No. 70 at 4) in

concluding he complied with CGIA's notice of claim requirement (ECF No. 71 at 28). This was

erroneous because Mr. Hoffschneider was required to allege compliance with the notice

requirement in his Fourth Amended Complaint. *See Williams*, 2021 WL 5579114, at *8.

Therefore, the court sustains Defendants' Objection as to the Magistrate Judge's conclusion that

Mr. Hoffschneider's extreme and outrageous claim was plausible at the time of filing.

Nonetheless, the necessary notice period has clearly expired. As such, the Court hereby grants

Mr. Hoffschneider leave to amend his fourth claim for extreme and outrageous conduct so he may allege compliance with CGIA's notice requirement, and denies Defendants' Objection to the extent they seek dismissal of Mr. Hoffschneider's extreme and outrageous claim with prejudice.[3]

## E.  Certificate of Review

Finally, Defendants argue Mr. Hoffschneider's claims should be dismissed because he did not file a certificate of review against Defendant Chu and other Defendants (ECF No. 78 at 22). This argument is unavailing. As Mr. Hoffschneider correctly contends (ECF No. 80 at 10), the certificate of review requirement applies to professional negligence claims. *See, e.g.*, *Noriega v. Pelletier*, No. 21-CV-02879-WJM-MEH, 2022 WL 2702883, at *5 (D. Colo. July 12, 2022). Mr. Hoffschneider has not asserted a professional negligence claim against Defendants.

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS in part Defendants' Objection (ECF No. 78) to the Magistrate Judge's Order. The Magistrate Judge's Order (ECF No. 71) granting Mr. Hoffschneider's Motion for Leave to File Fourth Amended Complaint (ECF No. 54) is AFFIRMED in part and REVERSED in part. Defendants' Motions to Dismiss (ECF Nos. 24, 25) are GRANTED in part and DENIED in part.

---

[3] For this reason, the Court need not address in detail Defendants' remaining arguments regarding Mr. Hoffschneider's extreme and outrageous claim (ECF No. 78 at 16-22). However, after reviewing the Magistrate Judge's Order and the parties' arguments, the Court concludes the Magistrate Judge did not clearly err in concluding Mr. Hoffschneider alleged a plausible extreme and outrageous conduct claim (ECF No. 71 at 28-29). Further, Mr. Hoffschneider has sufficiently alleged that Defendants' conduct was willful and wanton. The complaint alleges Defendants intended to injure or acted with conscious disregard for the probability their conduct would injure Mr. Hoffschneider. *See, e.g.*, *Feltman v. Eur.*, No. 18-CV-3113-WJM-STV, 2019 WL 6215445, at *8 (D. Colo. Nov. 21, 2019). Accordingly, Defendants are discouraged from filing any additional motions to dismiss on Mr. Hoffschneider's extreme and outrageous conduct claim.

Mr. Hoffschneider's first three § 1983 claims are DISMISSED WITH PREJUDICE. Mr. Hoffschneider's fourth claim for extreme and outrageous conduct is DISMISSED WITHOUT PREJUDICE, and he is granted leave to amend to file a Fourth Amended Complaint that alleges compliance with CGIA's notice of claim requirement. The Magistrate Judge's conclusion that Mr. Hoffschneider has pleaded a plausible fifth claim under § 1983 against Defendants Marshall and Pounds is AFFIRMED. Mr. Hoffschneider shall file a Fourth Amended Complaint consistent with this Court's order by September 23, 2022.

DATED this 8th day of September 2022.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge